# In the United States Court of Federal Claims

No. 22-407
(Filed: 13 January 2023)
NOT FOR PUBLICATION

```
*****************************************
TIFFANY K. CALISTE,                      *
                                         *
                  Plaintiff,             *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                  Defendant.             *
                                         *
*****************************************
```

## ORDER

**HOLTE, Judge.**

      Plaintiff Tiffany Caliste served in the Navy for fifteen-and-a-half years as a services corps officer and achieved the rank of lieutenant commander. Pl.'s Resp. to Mot. for Voluntary Remand ("Pl.'s Resp.") at 1, ECF No. 9. Ms. Caliste deployed to Afghanistan to "overse[e] medical evacuations and conduc[t] [North Atlantic Treaty Organization ('NATO')]-related civil casualty assessments." *Id*. After returning from deployment, plaintiff was referred to the Physical Evaluation Board[1] which determined she developed Post-Traumatic Stress Disorder ("PTSD") and was "unfit for continued service." *Id*. The PEB found plaintiff's PTSD was, pursuant to 26 U.S.C. § 104(b)(3), "a direct result of armed conflict." *Id*. at 2. With the PEB's determination, Ms. Caliste applied for Combat Related Special Compensation under 10 U.S.C. § 1413(a). *Id*. The CRSC board denied her request. *Id*. Ms. Caliste then requested the BCNR change her records pursuant to 10 U.S.C. § 1552, to entitle her to compensation. Pl.'s Resp. at 2. The CORB director denied Ms. Caliste's request, and the current suit followed. *Id*. On 8 August 2022, the government filed a motion to remand this case for reconsideration of plaintiff's claims. *See* Gov't Mot. for Remand ("Gov't Mot."), ECF No. 7. Ms. Caliste contests the motion to remand. *See* Pl.'s Resp. at 1. For the following reasons, the Court grants the government's motion to remand the case.

## I.    DISCUSSION

---

[1] The Secretary of the Navy Council of Review Boards ("SECNAVCORB" or "CORB") is an administrative body within the Department of Navy and reviews cases, conducts hearings, and renders decisions on behalf of the Secretary of the Navy. Several boards make up CORB including the Physical Evaluation Board ("PEB") and the Navy Combat Related Special Compensation ("CRSC") Board. The Board for Correction of Naval Records ("BCNR") is under the Secretary of the Navy, but not included with CORB.

In July 2019 after the CRSC board denied Ms. Caliste benefits under 10 U.S.C. § 1413(a), Ms. Caliste requested for the BCNR to change her record. Pl.'s Resp. at 2. The BCNR asked the CORB director for an advisory opinion, and the CORB director issued an advisory opinion recommending denial. *Id.* at 2. In alignment with the CORB director's advisory opinion, the BCNR denied Ms. Caliste's application. *Id*. The BCNR stated there was no "evidence that [Ms. Caliste] 'engaged' with the enemy when [she] incurred [her] PTSD." *Id*. (citing Gov't App. at A2). The BCNR explained:

> When considering the CRSC guidance in total, the Board determined that a service member must be actively *engaged in combat* with the enemy when incurring their disability condition to qualify under armed conflict. Absent evidence [Ms. Caliste was] engaged with the enemy at the time you incurred PTSD, the Board determined that the CRSC Board properly denied [Ms. Caliste's] request for CRSC under the armed conflict provision.

*Id*. at 3 (citing Gov't App. at A2–A3) (emphasis in original). Furthermore, the BCNR reasoned "granting Ms. Caliste's application would 'impermissibly open the floodgates under the armed conflict criteria since the incidents [she] describe[d] are the types of incidents that countless service members in a combat area experience without coming into contact with the enemy.'" *Id*. (citing Gov't App. at A2). Ms. Caliste then brought her claim to this court, alleging the BCNR's ruling is "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence and contrary to law." Pl.'s Resp. at 3 (citing Compl. ¶¶ 59, 62–66).

On 8 August 2022, the government filed a motion to remand the case to the BCNR to reconsider Ms. Caliste's claims under 28 U.S.C. § 1491(a)(2) and Rule 52.2 of the Rules of the Court of Federal Claims ("RCFC"). *See* Gov't Mot. The government argues the case should be remanded because "it is not clear that the BCNR applied the correct standard" or determined whether "a definite causal relationship between the armed conflict and the resulting disability" was established. *Id*. at 3–4 (internal citations omitted). On remand, the government requests the BCNR "explain the basis for [its] interpretation of the guidance and identify any authority on which the board relies for [its] interpretation." *Id*. at 5. The government notes "[t]he BCNR may not have applied the correct standard, but it certainly did not determine that Ms. Caliste's PTSD was caused by armed conflict." Def.'s Reply at 2, ECF No. 10. Furthermore, "[i]n this administrative review case, the agency decision is effectively missing," and "there is no good reason to close the door to the BCNR providing an explanation for [its] view." *Id*. at 3.

Ms. Caliste opposes the motion to remand, arguing a remand is unnecessary because it would apply the same set of facts and evidence while allowing the agency to bolster its position. *See* Pl.'s Resp. at 1. Plaintiff avers the government "has not provided a substantial and compelling justification for its voluntary remand request" and the government's proposed remand "would serve no just or useful purpose." *Id*. at 5. Ms. Caliste further argues the BCNR has already considered the casual relationship, so a remand would not be useful. *Id*. at 6. Plaintiff states "the agency has had three opportunities to properly consider Ms. Caliste's claims and apply the correct CRSC framework to the evidence." *Id*. at 9. Ms. Caliste argues "even if BCNR's own decision does not amount to a finding that there is a direct causal relationship . . .

the record is sufficient for the Court to adjudicate the matter without the need to return it to the BCNR." *Id*. at 7 (citing *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020)).

The Tucker Act grants the Court of Federal Claims authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2); *see* RCFC 52.2; *accord Banks v. United States*, No. 19-1888, 2021 WL 5331732, at *15 (Fed. Cl. Oct. 28, 2021); *Holmes v. United States*, 142 Fed. Cl. 791, 794 (2019) (Wolski, J.). An agency may request remand for a variety of reasons, including to "reconsider its previous position" without admitting error. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001). "Where the agency's request is 'substantial and legitimate,' a court ordinarily should grant the motion; alternatively, where the agency's request is in bad faith or frivolous, a court should deny the motion." *Keltner*, 148 Fed. Cl. at 563 (citing *SKF USA Inc.*, 254 F.3d at 1028). "In between those relative extremes, . . . the trial court has substantial discretion depending on the timing of the government's motion, its representations regarding the reasons for a remand, the plaintiff's factual allegations viewed through the prism of the particular legal issues involved, and the overall fitness and completeness of the administrative record available for the Court's review." *Id.* Additionally, a court should exercise its "ample discretion to deny the government's motion" to "proceed directly to adjudication" when remanding to the correction board would serve no just or useful purpose. *Id.* at 557; *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003) (en banc). Lastly, "a court must also 'consider whether remand would unduly prejudice the non-moving party.'" *Keltner*, 148 Fed. Cl. at 562 (quoting *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 98 (D.D.C. 2019), *recons. denied*, 507 F. Supp. 3d 47 (D.D.C. 2020)); *see also Util. Solid Waste Activities Grp. v. Env't Prot. Agency,* 901 F.3d 414, 436 (D.C. Cir. 2018).

Under RCFC 52.2(b)(1), "[a]n order remanding a case must (A) include such direction as the court deems proper and just; (B) establish the duration of the remand period, not to exceed 6 months; (C) specify the extent to which court proceedings will be stayed during the remand period; and (D) designate a party to report to the court, every 90 days or less, on the status of the remand proceedings."

In this case, the government considers and contests all of plaintiff's concerns regarding the remand. Gov't Reply at 3. The government notes "[a] final resolution by the Court is not close," and "the remand, in some form, is itself the prototypical remedy when a plaintiff convinces the reviewing court that the agency erred." *Id*. at 4–5. The government has stated its view "the BCNR appears to have made a mistake regarding the standard to apply in Ms. Caliste's case[,]" and this remand is the opportunity for the BCNR to take proper action. *Id*. at 5. The government raises substantial and legitimate concerns about the correctness and completeness of the BCNR decision. *See Holmes*, 142 Fed. Cl. at 793.

Ms. Caliste complains the potential remand is "inherently prejudicial" and "will serve no just or useful purpose"; however, plaintiff does not articulate any prejudice from a remand, and the government sufficiently explains the usefulness. Pl.'s Resp. at 9; *see Util. Solid Waste Activities Grp.*, 901 F.3d at 436; *Keltner*, 148 Fed. Cl. at 562. Indeed, the government's voluntary remand request to "reconsider its previous position" might actually afford Ms. Caliste

the relief she seeks. Accordingly, the Court finds the voluntary remand sought by the government is warranted for the purposes requested. *See SKF USA Inc.*, 254 F.3d at 1028; *Util. Solid Waste Activities Grp.*, 901 F.3d at 436.

The Court of Federal Claims frequently remands to military corrections or review boards for periods ranging from 90 to 120 days. *See e.g.*, *Banks*, 2021 WL 5331732, ay *16 (120 days); *Holmes*, 142 Fed. Cl. 791, 794 (105 days); *Wollman v. United States*, 108 Fed. Cl. 656, 675 (2013) (90 days); *Boyle v. United States*, 101 Fed. Cl. 592, 604 (2011) (90 days). As Judge Wolski aptly explained in *Holmes*, the length of a remand period depends on the circumstances of each case, but several factors may be considered by the Court, including: (1) any exigencies faced by the former service member; (2) the extent of prior proceedings, and whether records had previously been compiled; (3) the narrowness of the scope of the issues on remand; and (4) any special problems faced by the corrections board. *See* 142 Fed. Cl. at 794. The government requests a 120-day remand, and the Court agrees 120 days is an appropriate duration for the remand in this case. Gov't Mot. at 5; *Holmes*, 142 Fed. Cl. at 794.

## II.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to remand, ECF No. 7, and **REMANDS** the case to the BCNR.

Pursuant to RCFC 52.2(b)(1), the Court provides the following directions to the parties on remand:

(1)   The remand period **SHALL TERMINATE** on **15 May 2023,** and the Court **STAYS** all proceedings in this case until that date. *See* RCFC 52.2(b)(1)(C). If the BCNR has not responded on or before **15 May 2023**, the parties shall follow the procedures provided in RCFC 52.2(c).

(2)   The BCNR **SHALL CONSIDER** Ms. Caliste's application, and any new arguments or evidence she presents on her existing claims, in accordance with the BCNR's applicable procedures and powers, including the BRNR's power to seek additional advisory opinions.

(3)   The government **SHALL FILE** a joint status report every 60 days, with the first due on **14 March 2023**, apprising the Court of the status of the remand proceedings.

(4)   Within 30 days of the BCNR's decision, the parties **SHALL FILE** a joint status report advising the Court whether: (1) the remand affords a satisfactory basis for disposition of the case; or (2) further proceedings are required and, if so, the nature of such proceedings. *See* RCFC 52.2(e)(1).

The Court **DIRECTS** the Clerk to serve a certified copy of this order, the complaint with all exhibits, along with a copy of the Court's docket sheet in this case to the BCNR at:

Board for Correction of Naval Records
701 S. Courthouse Road

Building 12, Suite 1001<br>
Arlington, VA 22204-2490<br>
BCNR_Correspondence.fct@navy.mil

**IT IS SO ORDERED**

<u>s/ Ryan T. Holte</u><br>
RYAN T. HOLTE<br>
Judge